The opinion of the Court was delivered by
Pociié, J.
At a public judicial sale of the property belonging to the succession of M. R. Haggerty, the defendant in this case became the adjndieatee of certain lots of ground, situated in this city, for the aggregate sum of $2325.
On his refusal to accept the sale, and to comply with the terms thereof, proceedings were instituted by plaintiff, administrator, with a view to compel the defendant to a compliance with his bid, or to have the property adjudicated to him, sold at auction at his risk, under the provisions of Art. 2611 of the Civil Code. On appeal to this Court, final judgment ivas rendered iu favor of plaintiff, whereupon the property alleged to have been adjudicated to defendant, was sold at public auction and realized the sum of $840, less necessary costs of second offering.
Defendant is appellant from a judgment rendered against him in this case, and condemning him to pay the sum of $1,031.84, as the difference between the amount of his bid at the first sale, and the amount bid at the sale a la folie enchére.
. Among other grounds of defense, he alleges, as reasons for the reversal of the judgment of the lower court, the following errors, irregularities and discrepancies, which vitiate, as to him, the second sale, and exonerate him from any liability for damages thereunder :
1.That the property offered at the second sale was not the same which had been adjudicated to him at the first sale.
2.That the property was not offered or sold in the same manner.
3.That the terms and conditions were not the same.
*184 These three grounds of defense are fully sustained by the Record, which shows:
1. That at the first sale three lots, which it is unnecessary to describe here, had been adjudicated in block to defendant for $1800, and that three other lots, in a separate adjudication, had been purchased in block by defendant, for $525, and that at the second sale, three lots, corresponding in description with the three first adjudicated, and two other lots in the same square as thé three lots covered by the second adjudication, had been offered, all five together and in block, and all tints adjudicated for the sum of $840; from which statement it appears that the property adjudicated to defendant consisted of six lots, and that the inroperty sold a la folie enehere, consisted of only five lots.
Appellee’s counsel, calling our attention to the advertisements under both sales, which call for only five lots, argues that the mention of three lots in the auctioneer’s return of the second adjudication tO‘ defendant in the first sale, is manifestly a clerical error, which should not vitiate the proceedings.
But the Record shows that, in the first suit filed by this plaintiff against the same defendant, who was therein condemned to a compliance -with the terms of his bid, in an agreement signed by counsel on both sides, this identical piece of property is described as consisting of three lots, and it was upon that statement of the facts that the final decree of the Court was predicated.
If the adjudicatee of three lots of ground had been sued for compliance with his bid, a showing that only two, instead of three lots, could be-tendered or delivered to him, would have been a good ground for the plea of the nullity of the whole adjudication, and it is safe to conclude, that under such a showing, the judgment of this Court would not have been in favor of plaintiff in his rule on the defendant.
Tine discrepancy between the advertisement and the adjudication, a® evidenced by the auctioneer’s return, if a clerical error, is no fault of, and cannot be attributed to, the bona fide bidder, who cannot be held responsible beyond the terms of 1ns bid, as shown by the auctioneer’s return.
This error or irregularity would of itself be sufficient to exonerate the defendant from any of the consequences of the second adjudication.
2. But the Record shows further, and it appears from the foregoing statement, that at the first sale, two pieces of property, consisting each of three lots of ground, wore Offered and adjudicated separately and under two distinct bids, and that at the second offering five lots, comprising the tlvree covered by the first adjudication to defendant, and two other lots, were all offered together, and in Mode, as one distinct *185 piece of property, and tlms adjudicated under one single bid, thus showing that the second sale was not made in the same manner as the first, and hence the difference between the amounts bid at the two offerings, cannot in law or in justice, be held as the measure of the damages against the defaulting bidder.
• 3. It also appears that, as a condition under the first sale, the purchaser was to assume over and above his bid, the taxes of 1871, and those of 1872, up to the 12th of March, 1872, the day of sale, and that under the second sale, the purchaser was to assume, over and above his bid, all the taxes due and exigible in 1876. If these terms meant to include the taxes contemplated in the previous offering, as well as those having accrued since, then the terms of the second sale were different from, and more onerous 'than, the conditions relative to taxes under the first offering. • If, on the other hand, it was contemplated that the taxes of 1875 only, exigible in 1876, were contemplated, then the terms were defective for want of certainty, and in this, at least, differed from the tax conditions under the first offering, which were clear and explicit.
The rule of law which provides for sales á la folie enehére, has been the subject of frequent interpretation in our jurisprudence, under which it is held as “ a summary and severe remedy,” which exacts from the party who seeks to enforce it, a strict compliance with all the requirements of the law regulating such proceedings. Municipality vs. Hennen, 14 L. 559; Hodge vs. Moore, 3 R. 401; Petit vs. Laville, 5 R. 117; Guillotte vs. Jennings, 4 A. 242; Jennings vs. Hodge, 16 A. 321.
Guided by reason, as well as by authority, we hold as settled doctrine, that in a sale a, la folie enehére, under Art. 2611 of our Civil Code, in order to hold the delinquent bidder to the damages contemplated in that article, the property offered must bo identical in substance and in description, the sale must be made in the same mode or manner and precisely under the same terms and conditions, in the second, as in the first offering or sale.
The record in this case discloses that the second sale is vitiated under each of these essential prerequisites, and that defendant must be shielded from the effects of these illegal and irregular proceedings.
It is therefore ordered, that the judgment Of the lower court be annulled, avoided and reversed, and it is now adjudged that plaintiff’s demand be rejected, at his costs in both courts.
Rehearing refused.
Having been of counsel in this case, the Chief Justice recuses himself.